STEPTOE, JUDGE:
In this cause of action, filed herein on 20 February 1992, claimants seek awards from the respondent for damages resulting from personal injuries sustained by James Allen Sams, Jr., hereinafter referred to as Jamie, and Andrea Gale Sams, on 12 September 1990, when they fell from a bridge spanning Camp Run, on West Virginia Secondary Route 4/5, in Clay County, West *49 Virginia. Claimants allege that their injuries and damages were proximately caused by the negligence of the respondent in failing to maintain the bridge and to keep it in repair. The respondent filed an answer denying negligence.
Hearing was held on the 4th day of August, 1993.
It appears to the Court, from the pleadings, testimony, evidentiary depositions, stipulations, and exhibits, that on 12 September 1990, Jamie, then 13 years of age, and Andrea, his sister, then 9 years of age, were on a walk at about 1930 hours, with their parents and two younger sisters, and came to the bridge across Camp Run, near their home. Andrea put her hands on the guardrail while she was looking downward into the bed of the creek, and Jamie came up and put his hands on the guardrail near the place where Andrea was standing, and the guardrail gave way the place where Andrea was standing, and the guardrail gave way or collapsed. The children fell forward and tumbled into the rocky creek bed, Jamie falling some 15 feet and Andrea some 20 feet, and both were injured and eventually removed to Charleston General Hospital, where they received emergency room treatment and from which they were discharged some six hours later.
It further appears from the evidence that, as part of its ongoing inspection program of highway bridges, the respondent caused an inspection to be made of said bridge, from which Jamie and Andrea fell, on 24 November 1984, and on 7 November 1986; the reports of said inspections were made part of the record herein.
The earlier report indicated, in general language, that the guardrails were in need of repair.
The report of 7 November 1986 contains the following language:
“Summary and Recommendations”
“The structure remains in fair condition. The most serious deficiencies observed, along with our recommendations, are as follows:
1. The comments in the 1984 report regarding the need to clean and paint the stringers and diaphragms, and the missing mortar joints still apply.
2. The guardrail posts are weakly attached, with some loose, and one having fallen into the creek. Repairs should be made.
Please note that the approach roadway shoulder at Abutment who have built up with gravel as recommended in 1984.”
Respondent offered no evidence to show that the guardrails had received maintenance *50 or repair during the period from 7 November 1986 until the date of the accident of 12 September 1990, and presented no witnesses.
The Court makes the following findings of fact:
1. On 12 September 1990, the guardrails on the bridge over Camp Run, on West Virginia Secondary Route 4/5 in Clay County, had continuously been in dangerous state of disrepair and neglect since 7 November 1986.
2. The respondent had been on notice of the dangerous condition of the bridge, especially to pedestrians, but made no effort to correct that condition, although it made repairs to other parts of the bridge during the two-year period preceding the 1986 report.
3. The negligence of the respondent in failing to perform repairs and maintenance on the guardrails as recommended by respondent’s own engineers was the sole proximate cause of the injuries sustained by Jamie and Andrea on 12 September 1990.
4. As a proximate result of his fall, Jamie suffered a sprained back, a concussion, and a severe laceration of his left leg, which, due to an infection, healed slowly and is not yet completely recovered to its condition before the accident, and will be permanently scarred.
5. Andrea sustained a concussion, severe injuries to her wrists, injuries to her chest and forehead, severe injuries to her nose and upper left lip, and still has headaches, all as a result of the accident. There are small scars on the left side of her nose and a larger scar on her left lip, which are asymptomatic but permanent.
6. Claimant James Allen Sams, Sr., was an employee-beneficiary of a medical and hospital insurance policy, of which Jamie and Andrea were additional beneficiaries. James Allen Sams, Sr., and Shayne Rene Sams have paid or are personally obligated to pay those medical and hospital expenses incurred for the care and treatment of Jamie and Andrea which were not within the policy coverage or exceeded the amounts payable by the insurer.
7. Claimants James Allen Sams, Sr., and Shayne Rene Sams have personally paid or are obligated to pay medical and hospital charges beyond those charges paid by the insurer, for the care and treatment of Jamie as follows:
Charleston Area Medical Center $540.95
Associated Radiologists 130.60
*51 Dr. John H. Schmidt 42.00
Clay County Ambulance Authority 37.00
Prescriptions 23.36
Medical Supplies 40.00
TOTAL $822.91
8.Claimants James Allen Sams, Jr., and Shayne Rene Sams have personally paid or are personally obligated to pay medical and hospital charges, beyond charges paid by the insurer, for the care and treatment of Andrea Gale Sams, as follows:
Charleston Area Medical Center $347.80
J. E. Fernandez, M. D. 27.00
Constantino Y. Amores, M. D. 105.80
James D. Caudill, M. D. 10.00
Ronny H. G. Go, M.D. 9.60
Clay County Ambulance Authority 32.00
TOTAL $606.90
9. James Allen Sams, Jr., is in need or reconstructive surgery on his left leg, injured in the accident of 12 September 1990; the reasonable cost thereof at this timéis $5,500.00, including hospital expenses, and it is estimated that the insurer will pay $4,400.00, leaving a balance of $1,100.00 to be paid by the Guardians.
10. Andrea Gale Sams is in need of reconstructive or plastic surgery for the amelioration of facial scars inflicted in the accident on 12 September 1990; the reasonable estimated cost thereof at this time is $2,500.00, including hospital expenses, and it is estimated that the insurer will pay $2,000.00, leaving a balance to be paid by the Guardians of $500.00.
11. James Allen Sams, Jr., and Andrea Gale Sams each sustained pain and suffering in the period after the accident and before the hearing, and in the course of their respective surgeries in the future, will sustain additional pain and suffering, the reasonable estimated value of which, for past and future pain and suffering, in each case, is $4,000.00.
It is the opinion and judgement of the Court that, as a result of negligence of the respondent which proximately caused the injuries sustained by the claimants, respondent has a moral obligation to pay to James Allen Sams, Sr., and Shayne Rene Sams, his wife, jointly, the sum of $1,429.81 as reimbursement of sums advanced by them to pay medical and hospital expenses of Jamie and Andrea, and unpaid obligations incurred by them for such expenses; that the respondent *52 has a moral obligation to pay to James Allen Sam, Sr., and Shayne Rene Sams, Guardians of Jamie , the sum of $1,100.00 for future medical and hospital expenses; that the respondent has a moral obligation to pay James Allen Sams, Sr., and Shayne Rene Sams, Guardians of Andrea, the sum of $500.00 for fhture medical and hospital expenses; that the respondent has a moral obligation to pay to James Allen Sams, Sr., and Shayne Gale Sams as Guardians of Jamie, the sum of $4,000.00 for past and future pain and suffering; and that the respondent has a moral obligation to pay to James Allen Sams, Sr., and Shayne Gale Sams, Guardians of Andrea, the sum of $4,000.00 for past and future pain and suffering.
Award of $3,029.81 to James Allen Sams, and Shayne Rene Sams.
Award of $4,000.00 to guardians of James Allen Sams, Jr.
Award of $4,000.00 to guardians of Andrea Gayle Sams.